## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| THADDEUS ASKEW, | ) | Case No. 15 B 38949 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Date:   January 11, 2016 |
| | ) | Time:  10:00 a.m. |

## NOTICE OF MOTION

To:    See Service List

PLEASE TAKE NOTICE that on **January 11, 2016 at 10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before United States Bankruptcy Judge Deborah L. Thorne, or any other judge sitting in her stead, in Courtroom 613 at Everett McKinley Dirksen United State Court House, 219 South Dearborn Street, Chicago, Illinois, 60604 and shall then and there present the following **URBAN PARTNERSHIP BANK'S MOTION TO DISMISS BANKRUPTCY CASE WITH ONE-YEAR BAR AGAINST REFILING,** a copy of which is served upon you.

Respectfully Submitted,
**URBAN PARTNERSHIP BANK**

By:  /s/  *Kevin H. Morse*
        One of Its Attorneys

Kevin H. Morse (06297244)
ARNSTEIN & LEHR, LLP
120 South Riverside Plaza
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin H. Morse, hereby certify that I caused a copy of this **NOTICE OF MOTION** and the attached **URBAN PARTNERSHIP BANK'S MOTION TO DISMISS BANKRUPTCY CASE WITH ONE-YEAR BAR AGAINST REFILING** to be served on the parties listed on the attached Service List by U.S. Mail, postage prepaid, or the Court's ECF system, on December 29, 2015.

\_\_\_\_*/s/ Kevin H. Morse*_____

## <u>SERVICE LIST</u>

<u>*Via U.S. Mail*</u>:

Thaddeus Askew
1670 E. 224th Court
Sauk Village, IL 60411

<u>*Via ECF*</u>:

Caleb Halberg
Creditor – Quicken Loans Inc.
chalberg@potestivolaw.com
bknotices@potestivolaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Marilyn O Marshall
courtdocs@chi13.com

Kevin H Morse
Urban Partnership Bank
khmorse@arnstein.com

Ashley Rasmussen
Quicken Loans Inc.
bknotices@potestivolaw.com

Rick L Rogers
Debtor – Thaddeus Askew
Bankruptcy@therogerslawgroup.com
ECFnotices@therogerslawgroup.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| THADDEUS ASKEW, | ) | Case No. 15 B 38949 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Date:   January 11, 2016 |
| | ) | Time:  10:00 a.m. |

**URBAN PARTNERSHIP BANK'S MOTION TO DISMISS BANKRUPTCY CASE WITH
ONE-YEAR BAR AGAINST REFILING**

Urban Partnership Bank ("UPB"), by and through its undersigned counsel, hereby submits its Motion to Dismiss the Bankruptcy Case with a One-Year Bar Against Refiling pursuant to 11 U.S.C. §§ 105(a), 349(a) and 1307(c) (the "Motion").  In support of the Motion, UPB respectfully states as follows:

## I.     Introduction

This Court should dismiss the debtor's bankruptcy case with a one-year bar against refiling based on the debtor's unquestionable abuse of the bankruptcy system.  This is the debtor's third bankruptcy case filed in calendar year 2015 and in each case, including the current one, the debtor has demonstrated an absolute disregard for the bankruptcy system and an intent to hinder, delay and defraud his creditors while paying his creditors a total of $572.40 in the twelve months since his first bankruptcy filing.  The Court should dismiss the bankruptcy case with a one-year bar against refiling to permit the debtor's creditors to complete the foreclosure and sale of properties the debtor has disrupted through his abusive use of the bankruptcy system.

## II.    Background Facts

1.      UPB is the mortgagee of a non-owner occupied real property commonly known as 7656 S. Evans, Chicago, Illinois (the "Property").[1]  The debtor, Thaddeus Askew (the "Debtor"), is the owner and mortgagor of the Property.  The Debtor has been in default to UPB on his loans secured by the Property since at least July 1, 2013.  As of the Debtor's first bankruptcy filing in January 2015, the balance owed to UPB was $249,361.22, and, currently, based on accruing interest, attorneys' fees, late charges, and funds advanced to protect UPB's interest in the Property, the balance owed to UPB is $286,513.73.

2.      This Court should dismiss the Debtor's current bankruptcy case with a one-year bar to refiling because, as detailed below, the Debtor has used the bankruptcy system for the past year as tool to hinder, delay, and defraud his creditors.  Each of the bankruptcy cases was filed just prior to UPB making substantial progress in its foreclosure cases and each of the bankruptcy cases was dismissed based on the Debtor's unquestionable intent not to pay his creditors or comply with the bankruptcy code.

### A.    Debtor's January 26, 2015 Bankruptcy Case

3.      On November 26, 2014, UPB filed its Amended Verified Complaint to Foreclose Mortgages and for Other Relief against, *inter alia*, the Debtor and Property in the Circuit Court of Cook County-Chancery Division.  UPB's foreclosure complaint against the Property was pending as Case No. 14-CH-2771 at the time the Debtor filed his petition for Chapter 7 relief on January 26, 2015 (Case No. 15-02345) ("BK 1").  BK 1 was also filed just prior to UPB obtaining summary judgment on the foreclosure of the Morgan Property.  A copy of the bankruptcy court docket for BK 1 is attached as **Exhibit A**.

---

[1]   During the current bankruptcy case, UPB sold its promissory note and assigned the mortgage of a second parcel of improved non-owner occupied residential real property, owned by the Debtor, commonly known as 8041 S. Morgan, Chicago, Illinois (the "Morgan Property").

4.      The Debtor did not timely file his schedules, statement of financial affairs, or chapter 13 plan in BK 1.  The Chapter 13 trustee filed motions to dismiss BK 1 based on the Debtor's failure to file his schedules and statement of financial affairs and failure to file a plan.  Exhibit A, at #14.  On February 26, 2015, one month after filing for bankruptcy and without an order granting an extension, the Debtor filed his required schedules and plan.  The Debtor knew his plan was patently unconfirmable and filed multiple amendments on the eve of hearing dates.  Exhibit A, at #17, 37, 54.

5.      On March 20, 2015, UPB filed a motion for relief from stay and objection to confirmation of the Debtor's plan.  Exhibit A, at #32, 35.  Another creditor, Corporate America Family Credit Union, also filed an objection to Debtor's plan.  Exhibit A, at #30.  At the Debtor's request, the Bankruptcy Court entered a scheduling order for the Debtor to file a response to UPB's motion for relief from stay and plan objection.  Exhibit A, at #43.  UPB also agreed to permit the Debtor an extended period of time (21 days) to respond to the ordinarily summary motion for relief from stay proceedings.

6.      Despite the extended briefing schedule, the Debtor failed to file a response to UPB's motion for relief from stay.  UPB timely filed its reply informing the Court of Debtor's failure to respond.  Exhibit A, at #52.  On May 13, 2015, the Court granted UPB's motion for relief from stay.  Exhibit A, at #61.  A copy of the order granting UPB's motion for relief from stay is attached as **Exhibit B**.

7.      On May 20, 2015, another secured creditor, Quicken Loans, Inc., obtained relief from the automatic stay as to another parcel of property.  Exhibit A, at #63.  The Debtor took no further actions in BK 1 to pay his creditors or confirm a plan.  On July 1, 2015, BK 1 was dismissed based on Debtor's unreasonable delay.  Exhibit A, at #66.  In total, during the four

months BK 1 was pending, the Debtor paid $572.40 to his creditors. A copy of the Chapter 13

Trustee's Final Report for BK 1 is attached as **Exhibit C**.

**B.      Debtor's July 7, 2015 Bankruptcy Case**

8.      UPB reinstated the foreclosure proceedings after obtaining relief from stay and

reappointed the receiver for the Property. On July 2, 2015, the state court entered an order that,

*inter alia*, required Debtor to turnover $5,250 in rents the Debtor had improperly collected in

June 2015 *after* the receiver had been reappointed. A copy of the state court order is attached as

**Exhibit D**. The state court required the Debtor to turnover the illicitly collected funds to UPB on

or before July 23, 2015. Id.

9.      On July 7, 2015, rather than comply with the state court order, the Debtor filed his

second Chapter 7 bankruptcy case (Case No. 15-23280) ("BK 2"). A copy of the docket for BK

2 is attached as **Exhibit E**. Pursuant to 11 U.S.C. § 362(c)(3), the Debtor had thirty (30) days

from the BK 2 petition date to file a motion and have a hearing for an extension of the automatic

stay. *See* 11 U.S.C. § 362(c)(3). On the twenty-third (23rd) day after filing BK 2, the Debtor

filed a motion to extend the automatic stay and set it for August 4, 2015 – the 28th day after the

petition date. Exhibit E, at #20. Less than two (2) hours after the motion was filed, on July 30,

2015 at 3:40 p.m., the Court notified all parties entitled to ECF notice that the motion was

continued until August 11, 2015. Id., at #21. Debtor's counsel received notice of the

continuance. Id.

10.     UPB and another secured creditor both filed objections to the Debtor's motion to

extend the automatic stay. Exhibit E, at #23, 24. On August 11, 2015, the 35th day after the BK

2 petition date, the Bankruptcy Court denied the Debtor's motion to extend the automatic stay.

Id., at #26.

11.    Not to be deterred from obstructing his creditors, the Debtor still attempted to propose a new Chapter 13 plan.  <u>Exhibit E</u>, at #28.  UPB objected to the Debtor's amended plan.  <u>Id.</u>, at #36.  There were also two new motions to dismiss pending in the Debtor's bankruptcy case.  First, the Chapter 13 Trustee filed a motion to dismiss based on the Debtor's unreasonable delay.  <u>Id.</u>, at #27.  Second, the Court filed a motion to dismiss based on the Debtor's failure to pay any of the $310.00 filing fee.  <u>Id.</u>, at #33.

12.    On September 9, 2015, the Bankruptcy Court entered an order dismissing BK 2 based on the Debtor's unreasonable delay.  <u>Exhibit E</u>, at #38.  The Debtor paid $0.00 to his creditors during BK 2.  Attached as **Exhibit F** is Chapter 13 Trustee's Final Report for BK 2.

**C.    Debtor's November 16, 2015 Bankruptcy Case**

13.    Shortly after dismissal of BK 2, on October 22, 2015, UPB filed a motion for summary judgment for the judicial foreclosure of the Property (the "<u>MSJ</u>").  The MSJ was scheduled for hearing on November 16, 2015 at 2:00 p.m.  A copy of the Notice of Motion for the MSJ is attached as **Exhibit G**.

14.    At 1:16 p.m. on November 16, 2015, forty-four minutes prior to the MSJ hearing, Debtor's counsel e-mailed UPB's counsel requesting a delay in the hearing or an agreed briefing schedule with 28-days for Debtor to respond to the MSJ.  UPB's counsel agreed to a briefing schedule.  A copy of the e-mail correspondence requesting the briefing schedule is attached as **Exhibit H**.  Debtor's counsel failed to inform UPB's counsel or the state court that Debtor had filed his third bankruptcy case forty (40) minutes prior to the e-mail correspondence (Case No. 15-38949) ("<u>BK 3</u>").  A copy of the Debtor's third bankruptcy petition with a filing date and time of November 16, 2015 at 12:35 p.m. is attached as **Exhibit I**.

15.     On November 16, 2015, approximately an hour and a half after Debtor filed BK

3, the state court entered an agreed scheduling order providing Debtor until December 14, 2015

to file a response to the MSJ.  A copy of the scheduling order is attached as **Exhibit J**.  The

Debtor never filed a response to the MSJ.  A copy of the pertinent portions of the state court

docket is attached as **Exhibit K**.  The Debtor simply sought additional delay to hinder UPB from

obtaining the foreclosure of the Property.

16.     The Debtor has also filed BK 3 with the intent to hinder and delay UPB.  A copy

of the docket for BK 3 is attached as **Exhibit L**.  Pursuant to 11 U.S.C. § 362(c)(4)(A), the

automatic stay never went into effect upon the filing of the BK 3 petition.  The Debtor was

required to file a motion and obtain an order to impose the stay within 30 days of the BK 3

petition date.  11 U.S.C. § 362(c)(4)(B).  The Debtor did not file a motion to impose the stay

until the 31st day after the BK 3 petition date.  Exhibit L, at #13.  Rather than request an

emergency hearing or next possible court date (December 21, 2015), the Debtor set the hearing

for January 11, 2016, to create further delay on the untimely hearing on the motion.  Id.

17.     Furthermore, the Debtor did not file any schedules, statement of financial affairs,

or Chapter 13 plan until thirty-two (32) days after the BK 3 petition date.  The Debtor has also

only made a partial payment on his filing fee and another secured creditor, Quicken Loans, Inc.,

has filed objections to plan confirmation and the motion to impose the automatic stay.  Exhibit L,

at #24, 27.  The Chapter 13 trustee has also filed a motion to dismiss and continued the motion

based on the Debtor's untimely filing of the required documents.  Exhibit L, at #11, 25.

### III.     Relief Requested

18.     UPB respectfully requests this Court enter an Order dismissing the Chapter 13 bankruptcy case with a 1-year bar against refiling bankruptcy under any chapter of the bankruptcy code pursuant to 11 U.S.C. § 105(a), 349(a), and 1307(c) to permit UPB to complete the foreclosure of the Property.

### IV.     Basis for Relief

19.     Section 1307(c)(1) of Bankruptcy Code provide that "after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, *for cause*, including – (1) unreasonable delay by the debtor that is prejudicial to creditors"  11 U.S.C. § 1307(c)(1) (emphasis added).

20.     The Seventh Circuit has held that whether "cause" exists for dismissal pursuant to § 1307(c) is "determined by looking at the totality of the circumstances."  *In re Love*, 957 F.2d 1350, 1355 (7th Cir. 1992).  The totality of the circumstances includes the Debtor's prepetition conduct.  *Id.*  Factors a bankruptcy court should consider to determine whether to dismiss a bankruptcy case for lack of "good faith" include, but are not limited to:

    i.      The nature of the debt, including whether the debt would be dischargeable in a Chapter 7 case;

    ii.     The timing of the petition;

    iii.    How the debt arose;

    iv.     The debtor's motive in filing the petition;

    v.      How the debtor's actions affected creditors;

    vi.     The Debtor's treatment of creditors before and after the petition was filed; and

vii.   Whether the debtor has been forthcoming with the bankruptcy court and creditors.

*Love*, 957 F.2d at 1357.

21.     Section 349(a) of the Bankruptcy Code authorizes a bankruptcy court to bar a debtor from refiling for cause.  11 U.S.C. § 349(a); *In re Medina*, 2014 WL 5842988, No. 14-27755, at *7 (Bankr. N.D. Ill. Nov. 7, 2014); *In re B–3 Properties, LLC*, 2014 WL 4701163, No. 14 cv 00128, at * *7–8 (N.D.Ind. Sept. 19, 2014); *see also In re Dempsey,* 247 Fed. Appx. 21, 2007 WL 2478674 (7th Cir.2007) (upholding one-year bar and noting that debtor's eight rejected plans and current financial situation prevented him from presenting a workable plan of reorganization).

22.     The Seventh Circuit has held that "Section 105(a) independently authorizes bankruptcy courts to prohibit bankruptcy refilings from debtors who are demonstrably ineligible to receive relief . . . This includes cases where the debtor has not acted in bad faith." *Dempsey*, 247 Fed.App. at 25.   "[D]ismissal with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process."  *In re Hall*, 258 B.R. 908, 911 (Bankr. N.D. Ind. 2001).

23.     In this case, cause exists to dismiss this case with a one-year bar against the Debtor from refiling a bankruptcy case under any chapter of the Bankruptcy Code because the Debtor's conduct within the past year unequivocally equates to an abuse of the bankruptcy process and intent to hinder, delay, and defraud his creditors.  Five of the seven *Love* factors unquestionably favor dismissal of the instant bankruptcy case including a bar against refiling.

ii.     The timing of the petition.  The timing of each of the Debtor's three bankruptcy petitions demonstrate an intent to delay and hinder UPB and cause for dismissal with a one-year bar against refiling.  The first bankruptcy petition was filed on the eve of UPB

obtaining summary judgment on the Morgan Property.  The BK 2 petition was filed just after the

state court judge found that the Debtor had improperly acquired the June 2015 rents and ordered

the Debtor to turnover $5,250 to UPB.  BK 3 was filed only an hour and a half prior to UPB's

hearing on summary judgment for foreclosure of the Property.  The Debtor also refused to

inform UPB or the state court about the filing of his third bankruptcy petition.

      iv.    <u>The debtor's motive in filing the petition</u>.  The only possible motive in

filing the three bankruptcy petitions was to delay and hinder UPB and Debtor's other creditors.

The Debtor's actions over the past year have shown an absolute desire to avoid paying his

creditors while causing as much disruption to their foreclosure proceedings as possible.  The

Debtor has paid a total of $572.40 to his creditors over the past year while illicitly retaining at

least $5,250 from the properties' June rent.  Each of the petitions was filed just on the eve of

progress in the respective foreclosure proceedings and, once each of the petitions was filed, the

Debtor conducted the absolute minimum amount work in the bankruptcy cases to keep them

open for as long as he could.  The Debtor without question sought to hinder and delay his

creditors by filing three bankruptcy petitions in calendar year 2015.

      v.    <u>How the debtor's actions affected creditors</u>.  The Debtor's actions have

caused his creditors great delay and financial prejudice.  As detailed above, the Debtor's three

bankruptcy petitions in 2015 have impeded UPB's attempts to foreclose and take possession of

the Property.  The Debtor has refused to assert any actual defense to UPB's actions except either

filing for bankruptcy or extending the time to file responses in state court and bankruptcy court

and failing to do so.   In addition to the temporal damage, the Debtor's actions have caused UPB

significant financial damage.  As of the first bankruptcy filing, in January 2015, the Debtor owed

UPB a total of $249,361.22 on the note and mortgages related to the Property.   Based on

Debtor's delay and actions, the amount of total debt increased to $286,513.73, as a result of the accruing interest, attorneys' fees, late charges, and funds advanced to protect UPB's interest in the Property. This $37,152.51 increase could have been avoided had the Debtor not embarked on his fraudulent expedition to hinder and delay UPB.

      vi.   <u>The Debtor's treatment of creditors before and after the petition was filed</u>. The Debtor has treated creditors poorly before and after the bankruptcy cases were filed. The Debtor has been in default to UPB since July 2013. During the three pending bankruptcy cases, the Debtor has paid a total of $572.40 to his creditors while keeping money that the state court ordered rightfully belonged to UPB. The Debtor has taken only the minimal steps in the respective court systems while devising his next tactics in the bankruptcy court and state court to delay and hinder his creditors.

- During BK 1, the Debtor sought and received an extended briefing schedule to UPB's relief from the automatic stay, yet he never filed a response. After UPB obtained relief from the stay in May 2015 and reappointed the receiver, the Debtor improperly kept and retained the June 2015 rent from the properties.

- After the state court ordered the Debtor to turn over the June 2015 rent to UPB, the Debtor filed BK 2. The Debtor filed his motion to extend the automatic stay at the last moment and when the Court continued the hearing, the Debtor took no further actions to actually extend the stay. Instead, the Debtor tried to propose a plan opposed by his secured creditors. The Debtor did not pay his filing fee for BK 2.

- After BK 2 was dismissed, UPB again reinstated its foreclosure proceeding. When UPB filed a motion for summary judgment, the debtor filed BK 3 prior to the MSJ hearing. Rather than inform UPB and the state court about BK 3, the Debtor requested an extended briefing schedule on the MSJ. The Debtor never filed a response to the MSJ.

- During BK 3, the Debtor untimely filed a motion to impose the automatic stay. Again, rather than confront the issue, the Debtor set the motion for the furthest possible date in an attempt to buy

himself more time.  The Debtor has only paid a partial filing fee for BK 3.

   vii. <u>Whether the debtor has been forthcoming with the bankruptcy court and</u>

<u>creditors</u>.  The Debtor has not been forthcoming with the bankruptcy court or creditors during the

past year since he initiated his back-and-forth scheme between the state court and bankruptcy

court:

- The Debtor has intentionally filed his bankruptcy schedules, statement of financial affairs, and chapter 13 plan late or incomplete to delay his cases.

- Despite his three bankruptcy filings and purportedly regular income, the Debtor has only paid his filing fee in full once and not at all during BK 2.

- The Debtor has only paid his creditors $572.40 through his multiple bankruptcy cases within the past year.

- The Debtor requested an extended briefing schedule on UPB's motion for relief from stay in BK 1 and never filed a response.

- The Debtor improperly seized the June 2015 rent and has refused to obey the state court's order to turn over the funds.

- The Debtor sought to extend the automatic stay in BK 2 after the expiration of the 30-day statutory period.

- The Debtor filed requested an extended briefing schedule on the MSJ and did not file a response.

- The Debtor filed BK 3 prior to the hearing on the MSJ and did not inform UPB's counsel or the state court of BK 3.

- The Debtor filed his motion to impose the stay after the expiration of the statutory deadline.

- The Debtor set the motion to impose the stay nearly a month after he filed it solely to delay the proceedings.

- The Debtor's duplicitous actions have caused UPB to incur at least $37,152.51 in damages from increased debt on the Property.

24. The totality of the circumstances demonstrates that cause exists for the dismissal of the bankruptcy case with a one-year bar against refiling under any chapter of the bankruptcy code. The Debtor has shown throughout the year that he is willing to engage in deceitful practices to delay, hinder, and defraud UPB, and a one-year bar against refiling is the only means to permit UPB to complete its foreclosure of the Property and protect its interests. The Debtor filed all three of his bankruptcy cases solely to delay and hinder UPB. The Debtor has no intention of proposing a plan with a reasonable possibility of being confirmed.

## V. <u>Conclusion</u>

25. For the foregoing reasons, the Court should dismiss the bankruptcy case with a one-year bar from refiling for bankruptcy under any chapter of the Bankruptcy Code.

WHEREFORE, Urban Partnership Bank respectfully requests that this Court enter an Order (1) dismissing the above-captioned bankruptcy case pursuant to 11 U.S.C. § 1307(c); (2) imposing a one-year bar against the Debtor from refiling under any chapter of the Bankruptcy Code pursuant to 11 U.S.C. § 105(a) and § 349(a); and (3) granting such other and further relief as this Court finds proper.

Respectfully Submitted,
**URBAN PARTNERSHIP BANK**


By: _/s/ *Kevin H. Morse*_____
        One of Its Attorneys

Kevin H. Morse (06297244)
ARNSTEIN & LEHR, LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288